## THE CITY OF WEIR v. MARY HERBERT.
### No. 250.

1. SPECIAL QUESTIONS—*party has a right to have jury answer, as to a material fact.* "A party has a right in a jury trial to have answers returned to specific questions as to material facts, and a denial of this right is error. What is a material fact, is a question to be determined by the court." *City of Wyandotte v. Gibson, Adm'x,* 25 Kan. 236.

2. ——— *if not pertinent, court should refuse to submit.* Where the special question is not pertinent to one of the "issuable, essential and principal facts, but runs to one of the minor and sub-

CITY OF WEIR v. HERBERT.          597

Dec. 22, 1897.          Opinion.  Schoonover, J.          E. Div.

divided facts into which the principal fact may be resolved," and cannot be fairly answered without confusing the jury, it is the duty of the trial court to refuse to submit it.

3. SPECIAL FINDINGS—*supported by some evidence, not disturbed.* Where there is some competent evidence to support each special finding of a jury, they will not be disturbed by this court after receiving the sanction and approval of the trial court.

Error from Cherokee District Court. Hon. J. D. McCue, Judge. Opinion filed December 22, 1897. *Affirmed.*

*R. W. Emmerson*, City Attorney, *A. H. Skidmore* and *W. F. Sapp*, for plaintiff in error.

*C. D. Ashley* and *E. M. Tracewell*, for defendant in error.

SCHOONOVER, J. Mary Herbert, plaintiff below, commenced an action in the District Court of Cherokee County against the City of Weir, to recover damages for injuries alleged to have been sustained by reason of a defective sidewalk. The case was tried to a jury, verdict returned, and judgment rendered in favor of plaintiff below for five hundred dollars. The defendant below brings the case here for review.

The first assignment of error complained of by counsel for plaintiff in error in their brief is, that the trial court erred in refusing to submit to the jury the special question: " Was such fall an accident ? "

From the special findings, it may be stated that the City of Weir was a city of the second class, and that B. S. Abbott was its mayor, and James Hatton, street commissioner ; that the sidewalk on F Street, where plaintiff fell and where she received the injury complained of, had not been repaired before the injury ; that there was a loose board in the sidewalk prior to the date of the injury — May 29, 1890, — and that the

598     City of Weir v. Herbert.

S. Dept.     Opinion. Schoonover, J.     6 Kan. App.

officers òf the City of Weir, the mayor, city clerk, and street commissioner, knew of this defect during the months of April and May prior to the date of the injury; that the officers of the City óf Weir had no actual notice; that they obtained the information or notice of the loose boards by observation when walking over it; that there was a loose board in the sidewalk at the place where plaintiff fell, for three months prior to the date of the injury, and that the City of Weir, by the use of reasonable care and diligence, could have ascertained the loosened condition of the board.

The court instructed the jury as follows:

"The term negligence is defined to be wànt of due care, or the failure to do that which under the law and circumstances is required. It is the duty of cities organized under the laws of this State to keep the streets and sidewalks in a reasonably safe and suitable condition of repair for the public to travel over the same at will.

"The first question that presents itself is whether or not the City in that particular has performed its duty to the public. If it has, then the plaintiff cannot recover in this action, although you may find that she has sustained injuries. The cause must then be attributed to accident, and for matters of accident the City is not responsible.

"She must also prove that the sidewalk was out of repair at the time she claims she sustained these injuries, and that that fact was known to the City, or was known to the officers of the City charged with the duty of keeping it in repair; but that knowledge need not be actual knowledge, for if, from the evidence in this case, you find that sidewalk was not in a suitable condition so as to be reasonably safe at the time that the plaintiff passed over it and sustained the injuries, if she sustained any injuries, and that condition had existed for a period of time sufficiently long that the officers of the City charged with the

care and control of the streets and sidewalks could by reasonable observation have ascertained that fact, then the City is charged with knowledge.

" But if you find that the sidewalk was out of repair and was in a condition so as to be unsafe to travel, but that that condition did not exist for a period of time sufficient to charge the officers charged with the duty of keeping it in repair with knowledge of its condition, and they did not have any actual knowledge that that condition existed, then I say to you that the plaintiff cannot recover in this action and your verdict should be for the defendant, although you may be satisfied from the evidence that she sustained injuries upon that occasion ; ' for then her condition must be attributed to accident, and not to negligence. Negligence on the part of the City is the main fact to be established before the plaintiff can recover in this action. If the City was not negligent, then the plaintiff cannot recover in this action."

In this and other instructions given by the court, the jury were carefully informed " that negligence on the part of the City is the main fact to be established before the plaintiff can recover in this action."

It. was not claimed that the plaintiff below was guilty of contributory negligence. The issue made was fairly submitted to the jury, upon proper instructions; and answers to all special questions of fact pertinent to the issue, which could be answered fairly upon the evidence without confusing the jury, were required by the trial court. *A. T. & S. F. Rld. Co. v. Butler*, 56 Kan. 433.

It will not be contended that the plaintiff below intended to fall; so far as she was concerned, it was unexpected and we may say accidental. This is not the question to be determined, and it was not error for the trial court to refuse to submit the special question, " Was such fall accidental ? "

In view of the special questions submitted and the

manner in which the trial court used the word "accident" in the instructions, it would tend to confuse the jury. "A party has a right in a jury trial to have answers returned to specific questions as to material facts, and a denial of this right is error. What is a material fact, is a question to be determined by the court." *City of Wyandotte v. Gibson, Adm'x,* 25 Kan. 236.

Where the special question is not pertinent to one of the "issuable and principal facts, but runs to one of the minor and subdivided facts into which the principal fact may be resolved," and cannot be fairly answered without confusing the jury, it is the duty of the trial court to refuse to submit it.

It is also contended that the trial court erred in overruling the motion of the defendant below to set aside the special findings returned by the jury. There was some competent evidence submitted to the jury upon each question answered by them. Their findings and verdict have been approved by the trial court, and the judgment will not be disturbed.

The judgment of the District Court will be affirmed.